# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EARNEST MCMILLER,**

          **Plaintiff,**

         v.                                           **Case No. 17-CV-1401**

**S. MOERCHEN,** *et al.*,

          **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Earnest McMiller, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated. He also filed a motion for leave to proceed without prepayment of the filing fee. The court previously entered an Order regarding this matter. In light of *Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018), portions of that Order should have been phrased as a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The court now vacates that Order and instructs the Clerk to strike it from the docket. The court now reissues that prior Order as a Recommendation to comply with Coleman.

The court grants the motion to proceed without prepayment of the filing fee and recommends that McMiller be allowed to proceed on a deliberate indifference claim against defendant S. Moerchen and C. Barter and that defendants Jane Doe and Nurse Thompson be dismissed.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On October 16, 2017, the court ordered McMiller to pay an initial partial filing fee of $10.35. McMiller paid that fee on December 11, 2017. Accordingly, the court will grant McMiller's motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

McMiller is currently incarcerated at Redgranite Correctional Institution (RGCI). In January 2016 McMiller began to complain of severe pain in his left leg, which he attributes to a previous gunshot wound. He informed the Health Service Unit (HSU) at RGCI using a form, and he also let HSU staff know that the medication he had been given was not working. Defendants S. Moerchen and C. Barter, nurses working at the HSU, often responded with "you are scheduled to be seen" or "you can discuss at your next appointment." Nothing was done to relieve his pain, and it went on until March 2016, when he began to write and inform HSU staff that he needed someone to look at

3

his left leg. His leg had a metal rod inside of it, and it was blistering and he "was able to see bone exposed." McMiller further informed staff that the area where the rod was inserted was beginning to hurt and he believed the rod needed to be removed.

McMiller was experiencing pain shooting from his feet up through his leg, and the response he got was to discuss it at his next appointment. He repeatedly wrote and received responses from the defendants to "take it up at [his] next appointment." This went on until March 2017, when it was finally discovered that the metal rod in his leg had caused a severe infection, resulting in the removal of a large portion of the flesh on his leg in order to save his leg.

*The Court's Analysis*

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specify in his allegations what each individual defendant did (or did not do) to violate his constitutional rights. Because McMiller includes defendants Jane Doe and Nurse Thompson in the caption of his complaint but does not mention them in any of his

allegations, and therefore fails to identify any misconduct on their part, the court recommends that defendants Jane Doe and Nurse Thompson be dismissed..

However, the court recommends that McMiller be allowed to proceed on a deliberate indifference claim against defendants Moerchen and Barter. Prison officials violate the proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). *Id*. McMiller's complaint alleges sufficient facts to state a claim that the defendants were deliberately indifferent to his medical needs.

## ORDER

**IT IS THEREFORE ORDERED** that McMiller's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court's prior Order (ECF No. 8) is vacated and stricken.

**IT IS RECOMMENDED** that defendants Jane Doe and Nurse Thompson be dismissed from this lawsuit because McMiller has not stated a claim against them.

**IT IS ALSO RECOMMENDED** that McMiller be permitted to proceed on a deliberate indifference claim against S. Moerchen and C. Barter.

Plaintiff's attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal. McMiller should submit his objections, if any, to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin this 27th day of February, 2018.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge